IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


DARWIN G. KNIGHT,  AIS # 194598,:

     Plaintiff,          :

vs.                      :      CIVIL ACTION 12-0533-CG-M

TONY PATTERSON, *et al.,*    :

     Defendants.      :


REPORT AND RECOMMENDATION


This § 1983 action, filed by an Alabama prison inmate proceeding *pro se* and seeking leave to proceed *in forma pauperis*,[1] was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. During the screening of the Complaint, the Court discovered that this action is subject to provisions of 28 U.S.C. § 1915(g). Accordingly, it is recommended that this action be dismissed without prejudice under 28 U.S.C. § 1915(g) for the reasons noted below.

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this

---

[1] By separate order, the Court is rescinding its prior Order granting Plaintiff leave to proceed *in forma pauperis* (Doc. 5) and is returning the partial filing fee of $16.67.  (Doc. 6).

section [28 U.S.C. § 1915] if the
prisoner has, on 3 or more prior
occasions, while incarcerated or
detained in any facility, brought an
action or appeal in a court of the
United States that was dismissed on the
grounds that it is frivolous,
malicious, or fails to state a claim
upon which relief may be granted,
unless the prisoner is under imminent
danger of serious physical injury.

The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when his next action is filed. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199, 215-16 (2007).

After reviewing the records of the United States District Courts for the Southern, Middle, and Northern Districts of Alabama, the Court discovered that Plaintiff has at least three actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, namely, *Knight v. Lane,* CA 08-0301-KD-C (S.D. Ala. Feb. 17, 2010), *appeal dismissed as frivolous*, (11th Cir. July 6, 2010); *Knight v. County of Mobile,* CA 10-0419-CB-N (S.D. Ala.

2

Mar. 14, 2011) (action dismissed as frivolous), *appeal dismissed as frivolous,* (11th Cir. Feb. 21, 2012).  Thus, Plaintiff has "three strikes," and the present action comes within the scope of 28 U.S.C. § 1915(g).  *See Hains v. Washington,* 131 F.3d 1248, 1250 (7th Cir. 1997) ("A frivolous complaint (or as in this case a complaint that is dismissed under § 1915A for failure to state a claim) followed by a frivolous appeal leads to two 'strikes' under 28 U.S.C. § 1915(g)."); *Adepegba v. Hammons,* 103 F.3d 383, 388(5th Cir. 1996)(finding that the district court's frivolous dismissal and its appeal that was dismissed as frivolous count as two strikes).

In order to avoid the dismissal of the present action under § 1915(g), Plaintiff must satisfy its exception, which requires that he show that he was "under imminent danger of serious physical injury" at the time of the complaint's filing.  *See Adbul-Akbar v. McKelvie,* 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), *cert. denied*, 533 U.S. 953 (2001); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004) ("a prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g)"); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th

3

Cir. 1999) (the imminent danger of serious physical injury faced must be at the time the complaint is filed, not at a prior time).

In reviewing the Complaint's allegations (Doc. 1), the Court does not discern a claim showing that Plaintiff was "under imminent danger of serious physical injury" at the time he filed his Complaint.  Plaintiff signed his Complaint on August 17, 2012, and the Court received it on August 23, 2012.[2]  And the incident of which Plaintiff complains occurred on July 8, 2012. (Doc. 1 at 4).  On that date, Plaintiff had a contact visit with his wife on the visitation yard at Holman Correctional Facility. (*Id.* at 4).  At the end of the visit, officers Edwards and Lang, who are black, took Plaintiff to the shakedown room where he was strip searched and made to bend over, spread his cheeks, and cough. (*Id.*).  He was then told he could go, but upon leaving Defendant Bailey, a white officer, directed Defendant Jackson, a

---

[2]     The date of filing for a prisoner action is the date that the prisoner delivers the document to officials for filing. *Houston v. Lack,* 487 U.S. 266, 270, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988) (delivery of prisoner's notice of appeal to prison officials for mailing to the court constituted filing); *Garvey v. Vaughn,* 993 F.2d 776, 783 (11th Cir. 1993) (applying *Houston v. Lack* to a prisoner's filing of a § 1983 action).  For the purposes of this recommendation, it is not necessary to determine the exact date of filing because the incident occurred on July 8, 2012, more than a month before the signing of the Complaint by Plaintiff.

white officer, to take Plaintiff to segregation. (*Id.*).  In
segregation, Defendants Earl, Sizemore, Brown, and Jackson, all
white officers, ordered him to defecate into an unsanitary
trashcan, which began to bend as he sat on it.  (*Id.* at 8).  He
was forced to do this despite his protests about the trashcan's
filth and being unable to comply with the order.  (*Id.*).
However, Plaintiff did comply with the four officers' demands
after being threatened.  (*Id.* at 9).  But nothing was found in
his feces.  (*Id.*).

Upon Plaintiff's return to his dorm, he discovered blood,
which was from his hemorrhoids which had been forced out.
(*Id.*).  The next day he saw Nurse Poindexter who immediately
prescribed him pain medicine when she observed Plaintiff's
condition.  (*Id.*).

Plaintiff states that his and his wife's treatment on July
8, 2012, stems from the formal complaints that he and his wife
filed with the Commissioner over the body cavity search that
Defendant Patterson ordered his wife to undergo in April, 2012,
even though she had been already searched upon her arrival.
(*Id.* at 10).  Plaintiff states that the reason for his and his
wife's treatment is "they say" that, based on reliable
information, "they" are searching for "cell phones, drugs, MP
players, everything" on him. (*Id.*).  From April, 2012, to July,

2012, Defendants Bailey and Beasley and their officers have searched Plaintiff constantly, e.g., four times a week in April at his bed.  (*Id.*).  Furthermore, Plaintiff cannot sit side-by-side with his wife like other prisoners.  (*Id.*).  On another occasion a prison drug dog was ordered to sniff Plaintiff's wife and her car, but no contraband was found.  (*Id.*).  And his wife is searched constantly, (*id.*), and harassed.  (*Id.* at 11).[3]  For relief, Plaintiff requests compensatory and punitive damages.  (*Id.* at 7).

In order to satisfy the exception to § 1915(g), "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury."  *Brown,* 387 F.3d at 1350.  A plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient."  *Ball v. Allen*, CA No. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (unpublished) (citations

---

[3]   Any claims that Plaintiff's wife may have are not addressed in the Report and Recommendation as she must bring them herself. That is, Plaintiff does not have standing to litigate them.  *See Allen v. Wright,* 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984) (recognizing there is "general prohibition on a litigant's raising another person's legal rights").

and quotation marks omitted) (Granade, C.J.).  Furthermore, the allegations must demonstrate that at the time the complaint was filed the danger existed.  *Id.* at *2.

Absent from the Complaint is an allegation that Plaintiff was "under imminent danger of serious physical injury" at the time the Complaint was filed.  The only reference to an injury is to one that occurred prior to filing the Complaint.

Because Plaintiff cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $350 filing fee at the time he filed this action, Plaintiff's action is due to be dismissed without prejudice.  *Dupree*, 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he *initiates* the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied*, 535 U.S. 976 (2002).  Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.    *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo*

determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

---

[4]     Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).

2.    *Transcript (applicable where proceedings tape recorded)*.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**DONE** this 12th day of October, 2012.

                    s/BERT W. MILLING, JR.
                    UNITED STATES MAGISTRATE JUDGE